UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROBERT ALFRED PICARD            Civil Action No.

    Plaintiff

v.                                          Jury Trial Requested

INSTRUMENTAL & ELECTRICAL
TECHNOLOGIES, LLC d/b/a
I&E TECHNOLOGIES

    Defendant

---

**ORIGINAL COMPLAINT**

1.

NOW INTO COURT, through undersigned counsel comes ROBERT ALFRED PICARD ("Picard") who respectfully presents a complaint pursuant to the FMLA and does allege as follows,

**JURISDICTION AND VENUE**

2.

This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in violation of the Family and Medical Leave Act, codified at 29 U.S.C. Section 2601 *et. seq.* Jurisdiction is based on 29 U.S.C. Section 2617(a)(2), 42 U.S.C. Section 2000e-5(f)(3), 28 U.S.C. Section 1331 and supplemental jurisdiction under 28 U.S.C. Section 1367.

3.

Venue is proper in this district under 31 U.S.C. § 3732(a). The Defendant can be found, resides, and transacts business within the district, and all of the acts forming the basis of this action occurred within the district.

## THE PARTIES AND RELATED ENTITIES

4.

Instrumental & Electrical Technologies, LLC d/b/a I & E Technologies ("I&E" or "Defendant") is a Louisiana limited liability company with its principal place of business in Broussard, Louisiana, located at 600 St. Etienne Road.

5.

At all times referred to in this Complaint, the Defendant was engaged in an industry affecting commerce.

6.

The Defendant was the Plaintiff's "employer" within the meaning of 29 U.S.C. Section 2611(4), 42 U.S.C. Section 2000e(b); La. R.S. 23:301 *et. seq.*, and La. R.S. 29:967.

7.

Robert Alfred Picard ("Picard" or "Plaintiff") is an individual resident of the state of Louisiana. He was an employee of I&E from March 21, 2011 until December 1, 2017. Prior to his termination on December 1, 2017, Picard worked in purchasing for I&E Technologies.

## FACTUAL ALLEGATIONS

8.

The Defendant hired the Plaintiff in March 2011 as a purchaser. The Plaintiff's employment was involuntary terminated on December 1, 2017.

9.

Upon information and belief Plaintiff was a hard worker during his employment and his file is devoid of any written reprimands or other disciplinary actions.

10.

On November 21, 2017 Mr. Picard suffered a stroke and required medical care under the direction of Dr. Nathan Landry.

11.

Prior to his return to work, the Plaintiff's supervisor, Dennis Ledet, was informed that the Plaintiff would need some accommodations upon his return to work as a result of his stroke.

12.

Upon the Plaintiff's return to work, neither Mr. Ledet nor any other representative of I&E attempted to prepare or afford any accommodations for the Plaintiff's return to work.

13.

On December 1, 2017, one week after his return following his stroke, the Plaintiff was fired because the Defendant "could not use him anymore," according to Defendant's termination letter."

14.

The Plaintiff believes that his rights under the Family Medical Leave Act have been violated.

15.

The Plaintiff further believes that he is a victim of discrimination due to his need for work accommodations including reasonable time off related to his medical condition and very recent stroke.

## COUNT I

## FMLA RETALIATION

**Family Medical Leave Act 29 U.S.C. Section 2601, et seq.**

16

The Defendant violated the FMLA and federal law for firing the Plaintiff after his request for reasonable medical leave.

17.

Upon information and belief, the Plaintiff was fired as retaliation for requesting and requiring reasonable medical leave and for continuously notifying the defendant of his need for accommodations.

18.

The FMLA allows an employee to take up tot 12 weeks of unpaid leave for a serious health condition.  The plaintiff satisfied the requirements of eligibility for FMLA as he had worked full time for the Defendant for more than one year, within 75 miles of the Plaintiff's worksite, and had a serious health condition.

19.

Accordingly, the actions and conduct of the Defendant set forth herein constitute intentional interreference, restraint or denial of the Plaintiff's rights under the Family Medical Leave Act and/or retaliation for request such rights in violation of 29 U.S.C. 2615 in the following non-exclusive particulars:

(a) Failing to provide the Plaintiff with leave as required by the FMLA;

(b) Failing to allow the Plaintiff to take FMLA;

(c)     Retaliating against the Plaintiff for requesting leave due under the FMLA.

WHEREFORE, the Plaintiff, Robert Alfred Picard, prays:

(a) That he be awarded damages for violation of and retaliation under FMLA, including but not limited to liquidated damages;

(b) That he be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

(c) That the Court order other relief as is appropriate.

Trial by jury is hereby requested.

                                              Respectfully submitted:

                                              s/ David Rutledge
                                              **DAVID F. RUTLEDGE**, La. Bar #33639
                                              330 Settlers Trace, Suite A
                                              Lafayette, Louisiana 70508
                                              Telephone: (337) 484-1529
                                              Facsimile: (337) 806-9994
                                              Attorney for the Plaintiff